No. 97-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

FILED

DEC 16 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

In the Matter of the Estate of
FRED PELZMAN, DECEASED.

APPEAL FROM:     District Court of the Ninth Judicial District,
In and for the County of Teton,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary S. Deschenes, Steven T. Fagenstrom, Deschenes Law Office, Great
Falls, Montana

For Respondent:

Kenneth R. Olson, Great Falls, Montana

Submitted on Briefs: July 17, 1997

Decided: December 16, 1997

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Group.

Fred F. Pelzman (Appellant) is an heir to the estate of his father, Fred Pelzman (the Estate). He appeals from an order entered April 26, 1990, by the Ninth Judicial District Court, Teton County, holding that Appellant was untimely in exercising his option to purchase land under his father's will. We dismiss the appeal on the ground of laches.

In 1972, Fred Pelzman (Father) executed a will in which he granted Appellant an option to purchase certain parcels of land. The will provided that Appellant must exercise his option within two years from the date of Father's death. Later, in 1978, Father and fellow ranchers, Joe and Floie Lee (the Lees), entered into a written agreement providing the Lees with a "first option" to purchase the Pelzman ranch. Father died on May 18, 1986.

Shortly after Father's death, the Lees notified the Estate of their intent to exercise their option to purchase the Pelzman ranch. The Estate refused to sell, arguing that the alleged "option contract" was instead a right of first refusal. The Lees thereafter filed an action for specific performance. That action was decided in favor of the Estate, was appealed, and was affirmed in 1991. See Lee v. Shaw (1991), 251 Mont. 118, 822 P.2d 1061.

On August 4, 1989, more than two years after Father's death and while the Lee action

2

was pending, Appellant notified the Estate of his intent to exercise his testamentary option to purchase certain parcels of the ranch. However, the Estate refused to sell because Appellant had not exercised his option within the time period provided by the will. Appellant then filed a petition for declaratory judgment, seeking an extension of the time period and enforcement of his testamentary option. On April 26, 1990, the District Court entered its Order in favor of the Estate. Six years later, on December 12, 1996, Appellant filed his Notice of Appeal.

Although Appellant's appeal is based on the substantive issue of whether the District Court's Order was erroneous, we hold the dispositive issue in this case to be whether Appellant's appeal is barred by application of the doctrine of estoppel by laches.

We have previously stated that:

Laches is a concept of equity that can apply when a person is negligent in asserting a right, and can apply when there has been an unexplained delay of such duration or character as to render the enforcement of the asserted rights inequitable. Each case must be determined on its own unique facts.

In Re Marriage of Hahn and Cladouhos (1994), 263 Mont. 315, 318, 868 P.2d 599, 601 (citations omitted). In determining whether a person was negligent in asserting a right, we look to whether the person was actually or presumptively aware of his rights but failed to act. Sperry v. Montana State University (1989), 239 Mont. 25, 31, 778 P.2d 895, 899. A person is held to be aware of his rights "where the circumstances he . . . knows of are such as to put an ordinarily prudent person on inquiry." Sperry, 778 P.2d at 899.

In the instant case, Appellant has neither alleged nor shown a lack of awareness of his

3

rights. Appellant claims that the Estate cannot prove that he was served with a formal notice of entry of judgment. However, Appellant does not claim that he never received a copy of the court's Order. Appellant does not claim any error on behalf of his legal counsel. As an heir to the Estate, Appellant was privy to information concerning all of the goings on of the Estate, and had the wherewithal to be informed of the court's decision regarding his option.

Similarly, Appellant has set forth no plausible explanation for the six-year delay in filing his appeal. Appellant claims that an immediate appeal would have been fruitless in light of the fact that the sale of the land was tied up in litigation with the Lees. The fact that the sale of the land was tied up in litigation with the Lees is even more reason for Appellant to file his appeal, as doing so would have allowed the court to more efficiently determine the rights of all parties. Allowing Appellant to file his appeal late would be inequitable to the Estate, as the Estate is entitled to some measure of repose in litigating the sale of the land. We also note that the subject land has already been sold to purchasers unrelated to this action.

We hold that the doctrine of laches is appropriate for this case, and we dismiss Appellant's appeal with prejudice.

_William E. Hartzell_
Justice

We Concur:

_R. A. Turnage_
Chief Justice

4

Terry Trieweiler

Jim Regnier

Karla M. Gray
Justices

5

December 16, 1997

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

GARY S. DESCHENES, STEVEN T. FAGENSTROM
DESCHENES LAW OFFICE
BOX 3466
GREAT FALLS MT 59403-3466

KENNETH R. OLSON
ATTORNEY AT LAW
600 CENTRAL PLAZA, SUITE 316
GREAT FALLS MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy